UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                 :
MICHAEL CHRISTY,                 :
                                 :   Civil Action No. 08-1053 (JBS)
            Petitioner,          :
                                 :
      v.                         :        O R D E R
                                 :
BRUCE AAVCK, et al.,             :
                                 :
            Respondents.         :
_____:
```

   IT IS APPEARING THAT:

I.  Petitioner filed his application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner duly applied for and was granted by this Court in forma pauperis status in Christy v. Hayman, Civil Action No. 07-5209 (JBS), a matter filed by Petitioner with this Court shortly prior to Petitioner's initiation of the instant action.

II. Here, Petitioner challenges calculation of his jail time credits for the purposes of determination of his parole eligibility date.  Petitioner appears to assert that, due to the statement made by Petitioner's sentencing judge designating a certain period of time as "gap time credits" rather than "jail time credits," Petitioner parole eligibility date has been unduly extended by 174 days.

III. Petitioner asserts that, by the time of Petitioner's filing of the instant application, neither the State Department of Corrections nor the State Parole Commission has been

successful in obtaining a clarification from the sentencing judge.

IV. Petitioner, however, asserts that the issue has been brought to the attention of Petitioner's sentencing judge, and Petitioner was scheduled to have a hearing with the sentencing judge dedicated to the very issue at hand; the hearing was scheduled to take place after the date of Petitioner's filing of the instant Petition but prior to the date of the issuance of this Order.

V. Since Petitioner has filed an Application for a writ of habeas corpus under 28 U.S.C. § 2254, this Court is required, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Application.

1. Under the AEDPA, petitioners challenging the legality of their detention pursuant to a State decision must marshal in one § 2254 Application all the arguments they have to collaterally attack that decision and, except in extremely limited circumstances, file this one all-inclusive Application within one year of the date on which the judgment of conviction becomes final

      by the conclusion of direct review or the expiration of the time for seeking such review.  <u>See</u> 28 U.S.C. § 2244(d).

2. It is not apparent to the Court whether Petitioner intends the Application Petitioner filed to be Petitioner's one all-inclusive § 2254 Application. Therefore, Petitioner may now tell the Court how Petitioner wants to proceed by choosing one of the following options and notifying the Clerk of Petitioner's choice pursuant to the terms of this Notice and Order.

    a. Have Petitioner's pending § 2254 Application ruled upon as is; or

    b. Withdraw Petitioner's pending § 2254 Application and file one all-inclusive § 2254 Application stating all his claims as to the decision he is challenging.

3. If Petitioner chooses option (a) above, then Petitioner will lose Petitioner's ability to file a second or successive Application under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

4. If Petitioner chooses option (b) and Petitioner's original Application was filed within the one-year

        statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled from the date Petitioner handed Petitioner's original application to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Notice and Order. Under these circumstances, if Petitioner's original § 2254 Application was filed within the one-year limitations period, Petitioner will have the 45-day response period plus any time remaining within Petitioner's one-year statute of limitations period (as of the date you filed your original Application) to draft and file Petitioner's one all-inclusive § 2254 Application.

    IT IS therefore on this   **6th**   day of   **May**  , **2008**,

    ORDERED that Petitioner may proceed in this action in forma pauperis; and it is further

    ORDERED that the Clerk shall amend the docket in this matter by changing the name of Defendant "Bruce Aavck" to "Bruce Hauck"; and it is further

    ORDERED that Petitioner has 30 days from the entry of this Order to file with the Clerk a letter or other written response signed by Petitioner advising the Court how Petitioner would like to proceed; and it is finally

ORDERED that, if Petitioner does not file a signed response choosing one of the above options within 30 days of the entry of this Notice and Order, then the Court will rule on Petitioner's Application as it is.

                                             **s/ Jerome B. Simandle**
                                             JEROME B. SIMANDLE
                                             U.S. District Judge