**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MICHAEL CHRISTY,                    :
                                    :   Civil Action No. 08-1053 (JSB)
            Petitioner,             :
                                    :
        v.                          :
                                    :
BRUCE HAUCK, et al.,                :
                                    :   **O P I N I O N**
            Respondents.            :
_____ :

**APPEARANCES**:
MICHAEL CHRISTY, #579649, SBI#980269A
Central Reception & Assignment Facility
P.O. Box 7450
West Trenton, New Jersey  08628
Petitioner Pro Se

ANNE MILGRAM, Attorney General for the State of New Jersey
KEITH S. MASSEY, JR., Deputy Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorneys for Respondents

**Simandle**, District Judge:

This matter having come before the Court upon Petitioner's motion for default judgment, Docket Entry No. 10; and the Court, having considered the statements made in Petitioner's submissions DENIES the motion and dismisses Petitioner's 28 U.S.C. § 2254 application and denies Petitioner certificate of appealability.

I.   **PROCEDURAL BACKGROUND**

The instant action was initiated on February 28, 2008, upon the Clerk's receipt of Petitioner's original petition ("Original Petition"), filed pursuant to 28 U.S.C. § 2254. See Docket Entry No. 1. The Original Petition was not accompanied by Petitioner's application to prosecute this matter in forma pauperis or by an applicable filing fee. See id. However, this Court, being aware of in forma pauperis status granted to Petitioner in another matter initiated by Petitioner shortly prior to his filing of the Original Petition in Christy v. Hayman, Civil Action No. 07-5209 (JBS), granted Petitioner in forma pauperis status in this matter and advised him about his rights, pursuant to the holding of Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). See Docket Entry No. 2. In response, Petitioner filed a letter, dated May 11, 2008; the letter, while facially asserting Petitioner's wish to have the Court rule on his Original Petition "as is," was in fact an amended petition ("Amended Petition"): it unambiguously indicated Petitioner's intent not to litigate claims certain claims stated in his Original Petition.[1] See Docket Entry No. 3.

While both Petitioner's Original Petition and Amended Petition failed to establish Petitioner's exhaustion of state remedies with absolute certainty, a copy of a certain letter written to

---

[1] See Part II for a discussion of Petitioner's claims.

Petitioner from a Respondents' representative suggested that the claims were duly exhausted. See id. at 5.  This Court, therefore, issued an order, dated June 12, 2008, directing Respondents to file an answer to Petitioner's allegations ("Order to Answer") within 45 days from the date of entry of the Order. See Docket Entry No. 5. Respondents, however, did not file a timely answer; rather, their counsel submitted a letter seeking extension of time to answer and accompanied the letter with a proposed order, which the Court issued on August 27, 2008, hence granting Respondents 30-day extension.  See Docket Entry No. 6.  However, no answer followed.[2]

On October 15, 2008, the Court received another letter from Petitioner; that letter was dated October 2, 2008, and sought an entry of summary judgment in Petitioner's favor. See Docket Entry No. 7.  The Court construed this letter as a request for entry of default judgment and issued an order, dated October 15, 2008 ("Default Order"), directing the Clerk to enter default pursuant to Rule 55(a), see Docket Entry No. 8, which the Clerk duly complied with.  See Docket Entry No. 9.  The Default Order also directed Petitioner to "move for entry of default judgment, pursuant to Rule 55(b), . . . in a duly-filed motion accompanied by affidavits establishing the merits of his petition."  Docket Entry No. 8, at 2.

---

[2] The Court notes its disappointment with Respondents' default.

Petitioner executed his motion for default judgment ("Motion") on October 20, 2008, See Docket Entry No. 10; this Motion is the subject to the Court's instant ruling.

## II. PETITIONER'S CLAIMS

### A. Claims Set Forth in the Original Petition

The Original Petition consists of: (1) a pre-printed form, mainly filled with "n/a" and "see attached argument" responses, see Docket Entry No. 1, at 1-15; (2) a three-page letter which, effectively, states Petitioner's claims ("Statement of Claims"), see id. at 16-18; and (3) three attachments replicating two letters Petitioner received from government officials with regard to his claims, plus Petitioner's "Parole Eligibility Calculation" sheet. See id. at 19-23.

The Statement of Claims asserts that, on May 31, 2006, Petitioner was arrested and incarcerated on certain drug-related charges. See id. at 16. These charges, apparently, resulted in Petitioner's conviction and, on November 13, 2006, Judge Nancy Sivilli of New Jersey Superior Court, Law Division, Essex County, sentenced Petitioner to the time served, plus four years of probation. See id. Four months later, on March 15, 2007, Petitioner was arrested again, this time on charges of receiving stolen property. See id. Petitioner's prosecution on the receipt

of stolen property charges was handled by Judge Joseph Cassini of New Jersey Superior Court, Law Division, Essex County.  See id.

Being in the county jail and awaiting his criminal proceedings before Judge Cassini, Petitioner contacted Judge Sivilli with request to discontinue his probation on drug-related conviction and to substitute the probation for a three-year term of imprisonment. See id.  Consequently, on May 11, 2007, Judge Sivilli, re-sentenced Petitioner a three-year term, with 117 days jail time credit.  See id.; accord <<https://www6.state.nj.us/DOC_Inmate/details?x=1065147&n=0>> (providing Petitioner's prison record by the New Jersey Department of Corrections).

On June 26, 2007, Petitioner was sentenced by Judge Cassini on the receipt-of-stolen-property charges.  See Docket Entry No. 1, at 16.  Judge Cassini imposed a four year term; the term was to run concurrently with that imposed, in lieu of probation, by Judge Sivilli.  See id.  However, Judge Cassini erroneously awarded Petitioner 75 days of jail credit (instead of 57 jail credits and 46 gap time credits).  See id.  When Petitioner informed the New Jersey Department of Corrections and New Jersey Parole Board about Judge Cassini's error, both agencies contacted Judge Cassini with requests for re-sentencing, i.e., seeking correction of the error and clarifying that awards of "jail time credits" and "gap time credits" differently impact the computation of an inmate's parole

5

eligibility date.  See id.; see also Docket Entry No. 1, at 19-20 (replicating the letters the agencies sent to Judge Cassini).

By the time Petitioner submitted his Original Petition, he was already scheduled to appear before Judge Cassini for re-sentencing. See id. at 17-18.  Therefore, Petitioner asserted two claims: (1) he asserted that his parole eligibility term was wrongfully calculated because it did not factor in the 117 days of jail credit awarded by Judge Sivilli; and (2) he also asserted he might not be given the correct 57 days of jail credit with respect to the sentence imposed by Judge Cassini, that is, in the event Judge Cassini fails to re-sentence Petitioner by awarding the correct jail-time and/or gap-time credits.  See id.

**B.   Claims Set Forth in the Amended Petition and Motion**

Plaintiff's Amended Petition was executed about two months after Judge Cassini re-sentenced Plaintiff and cured the error as to the jail-time and gap-time credits.  See Docket Entry No. 3, at 3 (replicating Judge Cassini's re-sentencing order).   Therefore, the Amended Petition stated, as a claim, only the allegation that Petitioner was not "given 117 [jail time] credit" for the sentence imposed by Judge Sivilli.  See id. at 2.  Specifically, same as Petitioner's Original Petition, the Amended Petition asserted that Petitioner should be entitled to 174 days of jail time credit (i.e., to the sum of 117 jail time credits awarded by Judge Sivilli and 57 jail time credits awarded by Judge Cassini upon re-

6

sentencing); the Amended Petition verified that Petitioner was duly awarded 46 gap-time credits, hence mooting the gap-time issue. See Docket Entry No. 1, at 17; Docket Entry No. 3, at 1-2. Petitioner's Motion re-asserted that Petitioner should be entitled to 174 days of jail time credits: the sum of 117 credits awarded by Judge Sivilli and 57 credits awarded by Judge Cassini. See Docket Entry No. 10, at 2 (asserting that Petitioner's current parole eligibility date of March 29, 2009, should be December 1, 2008, i.e., that parole eligibility should accrue 117 days sooner).

**III. DEFAULT JUDGMENT STANDARD**

Default is governed by Federal Rule of Civil Procedure 55. See Fed. R. Civ. P. 55. "Pursuant to Rule 55(a), a plaintiff can request the clerk's entry of default against a party 'against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 2008 U.S. Dist. LEXIS 28324, at *18-19 (D.N.J. April 7, 2008), (quoting Fed. R. Civ. P. 55(a)). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)." Doug Brady, 2008 U.S. Dist. LEXIS 28324 at *19 (citing Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x 519, 521, n.1 (3d. Cir. 2006). "The district court has the discretion to enter default

judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984)).

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 2008 U.S. Dist. LEXIS 28324, at *19 (quoting Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987), stating "[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment"). Hence, while Rule 55 of Federal Rules of Civil Procedure applies to habeas corpus actions, see Bermudez v. Reid, 570 F. Supp. 290 (S.D.N.Y. 1983), rev'd on other grounds, 733 F.2d 18 (2d Cir.), cert. denied, 469 US 874 (1984), a petitioner's failure to assert facts stating a cognizable claim prevents the presiding court from entering a default judgment. See Comcast Cable Communs. v. Dorris, 2005 U.S. Dist. LEXIS 23156, at *5-6 (D.N.J. Feb. 8, 2005); Abney v. Alameida, 334 F. Supp. 2d 1221 (S.D. Cal. 2004); see also Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15 (1st Cir. 1992);

Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); Kelley v. Carr, 567 F. Supp. 831, 840 (W.D. Mich. 1983); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 447-48 (1983).

**IV.  DISCUSSION**

    **A.  New Jersey Statutory Regime**

It is undisputed that a sentencing court has the flexibility to adjust sentences, by making them concurrent or consecutive, or by imposing--or refusing to impose--a parole ineligibility term. See Richardson v. Nickolopoulos, 110 N.J. 241, 250 (1988). Moreover, both concurrent and consecutive sentence might be subject to "jail time" credits: the term "jail time" denotes the time an individual spends in a county jail prior to trial and sentencing, and jail time credits are day-for-day credits given to the inmate for this time in custody and subtracted from the original sentence. See Buncie v. Department of Corrections, 382 N.J. Super. 214, 217 (N.J. Super. Ct. App. Div. 2005); accord N.J. Court Rule 3:21-8 ("The defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence").

"Aggregation of sentences is both a judicial and a parole function." Richardson v. Nickolopoulos, 110 N.J. at 246. For the

purposes of executing a parole function, New Jersey Administrative Code guides as follows:

> (e) When a concurrent term(s) is imposed, the parole eligibility term from the original term, less county jail credits, shall be added to the date the original term began to determine the flat eligibility date on the original term. The parole eligibility term on the concurrent term(s), less county jail credits, shall be added to the date the concurrent term(s) began to determine the flat eligibility date on the concurrent sentence[(s)]. The aggregate parole eligibility term shall be that period of time between:
>
> 1. The earlier of the two dates on which the terms began; and
>
> 2. The later of the two flat parole eligibility dates.

N.J.A.C. 10A:71-3.2(e). To put it in other words,

> With respect to aggregation in the context of the calculation of either consecutive or concurrent terms, the [Administrative] Code states:
>
> (1) When terms of imprisonment run concurrently, the shorter terms merge in and are satisfied by discharge of the longest term.
>
> (2) When terms of imprisonment run consecutively, the terms are added to arrive at an aggregate term to be served equal to the sum of all terms. [See] N.J.S.A. 2C:44-5e.
>
> . . . [W]ithout consideration of good time and work credits, the regulations provide that . . . the parole eligibility term of a *consecutively* imposed jail term shall be *added* to the parole eligibility term of the prior sentence to arrive at the primary parole eligibility date under the aggregated sentences; the parole eligibility term for a sentence *concurrently* imposed is laid alongside the term for the prison sentence, so that the parole eligibility date under the aggregated sentences is the later of the two parole eligibility dates. [See] N.J.A.C. 10A:71-3.2(d), (e).

10

Richardson v. Nickolopoulos, 110 N.J. at 246-47 (emphasis in original).

### B. Petitioner's Current Allegations Fail to State a Claim

While Petitioner's Original Complaint, Amended Complaint and Motion do not state Petitioner's claims with absolute clarity, it appears quite certain that Petitioner is seeking to *aggregate* his jail time credits applicable to his *concurrent* sentences, i.e., he arrives at the total of 174 jail time credits by *adding* 117 credits (applicable to the sentence imposed by Judge Sivilli) to 57 credits (entered by Judge Cassini upon Petitioner's re-sentencing), and then aspires to subtract these aggregated jail time credits from the period he is expected to serve in prison under the four year sentence imposed by Judge Cassini (that is, from the period of one third of four years, further reduced by the gap-time credits, good-time credits, etc.) See Docket Entry No. 1, at 17; Docket Entry No. 3, at 1-2; Docket Entry No. 10, at 2.

However, *an aggregation of jail time credits -- for the purposes of subtraction of these aggregated credits from the aggregated prison term -- is the process applicable only to a consecutive sentences scenario*, which is not implicated by the case at hand. See Richardson v. Nickolopoulos, 110 N.J. at 246-47. In a concurrent sentences scenario, such as that of Petitioner's, an inmate's overall parole eligibility date is determined by: (a) first, calculating the inmate's parole eligibility date with

respect to each individual sentence -- that calculation is made by having each individual sentence reduced by the jail time credits awarded with respect to that particular sentence; and (b) then, selecting the latest among all parole eligibility dates obtained as a result of the exercise described in (a). See Richardson v. Nickolopoulos, 110 N.J. at 246-47 (discussing the "laid alongside" methodology).

Consequently, Petitioner is not entitled to have his jail time credits awarded for the purposes of two different *concurrent* sentences aggregated into one total amount of jail time credits, same as he cannot apply this *total* amount of jail time credits against the longest of this concurrent sentences, i.e., the one imposed by Judge Cassini. See id.; see also N.J.A.C. 10A:71-3.2(e).

In light of the foregoing, no default judgment can be entered in favor of Petitioner, see Comcast Cable Communs., 2005 U.S. Dist. LEXIS 23156, at *5-6, and his § 2254 application should be dismissed for failure to allege a violation of his rights.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has

12

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner fail to make such showing. Therefore, the Court denies him a certificate of appealability.

**VI. CONCLUSION**

Based on the foregoing, the Court denies Petitioner's Motion, dismisses his Amended Petition with prejudice and declines to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253©.

An appropriate Order accompanies this Opinion.

                                    s/ Jerome B. Simandle
                                    Jerome B. Simandle
                                    United States District Judge

Dated:    **November 3, 2008**

13